## JOHN J. ELLETT, appellant, *v.* ROBERT P. TODD and ALBERT TARBELL, appellees.

*Appeal from the Municipal Court of the City of Alton.*

The declaration, in an action of trespass on the case, stated, that the plaintiffs made a contract with the defendant, to slaughter and dress for him two hundred and eighty hogs, at the usual price for such labor, and to commence the work on a given day, and that the defendant agreed to furnish them the hogs at their slaughter-house, on such day ; and that the plaintiffs, on the day mentioned, undertook and entered upon the fulfilling of their part of the contract, by hiring laborers, building fires, raising steam, preparing tools, burning a large quantity of wood, and making divers other material and expensive arrangements to perform their part of the contract ; and that they had been put to great expense and inconvenience and damage in consequence of the same. It further alleged, that though a notice and request to the defendant to furnish the hogs was made, he did not furnish the same, nor had he paid the plaintiffs for their trouble, expenses, &c. At the end of the declaration, $ 200 damages was laid. On special demurrer, and on motion in arrest of judgment, the declaration was held to be good : *Held,* that the decision was correct.

THIS cause was heard at the January term of the Court below, before the Hon. William Martin. The special grounds of demurrer to the declaration, were,

" First, The declaration is wholly uncertain in regard to time ; Secondly, They allege damage for the non-performance, but do not show how much ; Thirdly, There is no sufficient breach alleged in the declaration ; Fourthly, There is no sufficient performance alleged by the plaintiffs."

A. COWLES and J. M. KRUM, for the appellant.

G. T. M. DAVIS, for the appellees.

BROWNE, Justice, delivered the opinion of the Court :
This was an action of *trespass on the case,* brought by Todd and

Ellett *v.* Todd *et al.*

Tarbell against Ellett, in the Municipal Court of the city of Alton, in the County of Madison. The declaration avers, " that the defendant, Ellett, on the 13th day of December, 1838, at Alton, &c., for and in consideration that the said plaintiffs, Todd and Tarbell, would undertake and agree to slaughter for him, the said defendant, two hundred and eighty head of hogs, and dress them in the usual manner of dressing hogs for pork, at their slaughter-house, (meaning plaintiffs' slaughter-house,) and to commence the work on the next day, in the morning early (meaning the morning after the day of contract) ; the said defendant agreed to and with the said plaintiffs, that he would furnish the said plaintiffs the two hundred and eighty hogs aforesaid, at the said plaintiffs' slaughter-house in said city of Alton, on the day aforesaid, and that the said defendant would pay to the said plaintiffs the usual price for slaughtering hogs in Alton. And the said plaintiffs further aver, that, afterwards, to wit, on the day and year, and at the place aforesaid, they did undertake and enter upon the fulfilling of their part of the said contract, by hiring laborers necessary to be employed in and about said business, building fires, raising steam in the boiler," &c. The declaration goes on to show what preparation they made, and the expense they were at in preparing to slaughter and dress the hogs agreeably to the contract, without averring the amount thereof in money.

It is further stated in the declaration, that " although the said defendant, being notified by the said plaintiffs, of their readiness and desire to perform their said contract, on the day and year, and at the place aforesaid, yet the said defendant hath not furnished the said hogs to be slaughtered as aforesaid, or paid or satisfied the plaintiffs for their trouble and expense," &c., &c., " from which breach of contract on the part of said defendant, the said plaintiffs have received damages to the amount of two hundred and fifty dollars." The declaration, in the Court below, was demurred to specially, the demurrer overruled, and judgment given in favor of the plaintiffs against the defendant.

A jury was then empannelled to enquire of and assess the plaintiffs' damages. The jury assessed damages at one hundred and nine dollars. The defendant then moved in arrest of judgment; which motion in arrest of judgment was overruled by the Court. To reverse this judgment, the defendant below has appealed to this Court. Every principle of justice requires that the plaintiffs below should have compensation for the labor, expenses, and trouble they had been at, in preparing to comply with their part of the contract. They were prevented from going further with it, by the defendant below. Upon this state of the case, the Court did right in overruling the demurrer, and the motion in arrest of judgment. The judgment of the Municipal Court is affirmed, with costs.

*Judgment affirmed.*